IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMIL CLARK**                                                                                     **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 3:17CV96 CWR-LRA**

**SUPERINTENDENT J. BANKS**                                           **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Jermil Clark filed a petition for writ of habeas corpus relief on February 13, 2017. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

Petitioner Clark is currently in the custody of the Mississippi Department of Corrections ("MDOC"). In March 2012, he was convicted in the Circuit Court of Madison, Mississippi, of aggravated domestic violence and sentenced to a term of 20 years to run consecutively to a previous Madison County sentence. The Mississippi Court of Appeals affirmed the conviction and sentence on August 27, 2013. *Jermil Clark, a/k/a/ Jermail Clark v. State*, 122 So.3d 129 (Miss. Ct. App. 2013). Clark's request for additional time to file a motion for rehearing was granted, but he failed to do so before the time expired, forfeiting his right to further discretionary review. M.R.A.P. 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). Clark filed a motion for post-conviction relief on August 25, 2016 (signed on August 22, 2016). The

Mississippi Supreme Court denied the motion in an order filed on November 16, 2016. Clark filed the instant petition on February 13, 2017.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x

---

[1] ECF No. 7-1—7-6.

316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Clark's conviction became final on September 10, 2013, 14 days after the Mississippi Court of Appeals affirmed his conviction and sentence on August 27, 2013. Although he failed to timely seek a petition for rehearing in state court, he is credited with the 14-day time period allowed for seeking a petition for rehearing under Rule 40(a) of the Mississippi Rules of Appellate Procedure. *See Roberts*, 319 F.3d at 693-94. Thus, to toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before September 10, 2014. Because he did not file his motion for post-conviction relief until August 25, 2016, AEDPA's one-year statute of limitations ran uninterrupted from September 10, 2013, to September 10, 2014. Absent statutory or equitable tolling, his federal habeas petition filed on February 13, 2017, is barred by AEDPA's statute of limitations.

Clark does not dispute that his petition is untimely, nor does he assert rare or extraordinary circumstances prevented him from timely filing his petition. He maintains that he is actually innocent. To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, the petitioner is required to produce new

3

evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1927 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence itself is not a free-standing ground for habeas corpus relief. *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ([A]ctual-innocence is not an independently cognizable federal-habeas claim."). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup,* 513 U.S. at 299 (1995).

Clark does not meet this high burden here. Apart from the declarations of innocence in his petition, he has not presented any new, reliable evidence to demonstrate more likely than not, that a reasonable juror would not have convicted him in light of the new evidence. Further, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 560 U.S. at 648. None of Petitioner's remaining arguments warrant equitable or statutory

tolling of the statute of limitations. The instant petition was filed well after the federal statute of limitations expired. In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred by the statute of limitations and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on August 25, 2017.

                                         s/ Linda R. Anderson
                                UNITED STATES MAGISTRATE JUDGE